NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 21, 2018[*]
Decided January 3, 2019

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 17-3573 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| CAREY RAY, *Defendant-Appellant*. | No. 2:12-CR-171 James T. Moody, *Judge*. |

**Order**

Resentenced after our remand, see *United States v. Ray*, 831 F.3d 431 (7th Cir. 2016), Carey Ray again contests some conditions of his supervised release. The dispute concerns the conditions numbered 29 through 32 in the judgment of conviction.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Condition 29 provides that Ray "must not have direct contact with any female you know or reasonably should know to be under the age of 18 … without the permission of the probation officer." This is an appropriate condition, given that Ray has been convicted of raping a 14-year-old girl. Ray calls it vague and overbroad, but it is neither. The qualifier—"know or reasonably should know"—forecloses an objection on either score. See *Screws v. United States*, 325 U.S. 91, 102 (1945); *United States v. Johnson*, No. 18-1313 (7th Cir. Dec. 21, 2018), slip op. 5–6. The condition contains two further safety valves: one allows Ray to obtain retroactive permission by reporting an unplanned contact within 24 hours, and the other provides that the condition does not forbid "incidental contact during ordinary daily activities in public places." Similar conditions have been approved in decisions such as *United States v. Warren*, 843 F.3d 275, 282–83 (7th Cir. 2016).

Condition 30 provides that Ray "must not go to, or be at, any place where you know or reasonably should know that children under the age of 18 are likely to be, including parks, playgrounds, and childcare facilities." This is appropriate for the same reason as condition 29. See also *Doe v. Lafayette*, 377 F.3d 757 (7th Cir. 2004) (en banc) (sustaining the exclusion of all sex offenders from public parks). Again the knowledge requirement prevents a vagueness challenge. Ray observes that the district court's list is not comprehensive, naming only three kinds of places. That's true but hardly a problem. Compiling a complete list would be impossible. The knowledge requirement is a better way to prevent accidental violations.

Condition 31 requires Ray to participate in a "sex offense-specific assessment and treatment program." This is appropriate for the same reason as conditions 29 and 30. See also *United States v. Baker*, 755 F.3d 515, 527 (7th Cir. 2014) (citing cases). Although condition 31 does not set out details about the assessment and treatment program, Ray will be in prison for more than 20 years before his release, when this condition takes effect. It would not be sensible for a court to try to specify details of a program that will not commence for 20 years. Too many things, including best practices for assessment and treatment, are likely to change between now and then. Conditions of release may be amended or rescinded at any time, 18 U.S.C. §3583(e)(2), and if Ray is not satisfied by the treatment program designed by the probation service he may raise this subject with the district court as his release approaches.

Condition 32 provides that Ray "must not access the Internet except for reasons approved in advance by the probation officer." Ray used the Internet to

meet and entice the girl he eventually drugged and raped. That makes this condition appropriate. See *United States v. Cary*, 775 F.3d 919, 926 (7th Cir. 2015). Details of this process can be assessed in 20 years. Given the rate of technological change, anything else we could say now would be a waste of words.

AFFIRMED